IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

In re:                              *

DAVID M. KISSI,                     *      No. 8:13-mc-33

Respondent.                         ******

## MEMORANDUM OPINION AND ORDER

On January 30, 2013, this Court directed Respondent to show cause within fourteen days why this Court should not permanently enjoin him from instituting any new civil cases, filing any new documents in any existing case in this Court in which he is a Plaintiff, or entering the courthouse, absent prior approval from the Chief Judge of the United States District Court for the District of Maryland or the judge presiding in a specific case. Respondent filed two responses on February 4, 2013 and February 5, 2013. ECF Nos. 2-3. The February 4, 2013 response includes approximately eighty pages of documents previously filed with this Court in other matters. ECF Nos. 2-1, 2-2, 2-3, 2-4. Having considered Respondent's filings, this Court determines the proposed prefiling injunction is appropriate and will be entered for the reasons that follow.

\* \* \*

Under the All Writs Act, 28 U.S.C. § 1651(a), this Court has the authority to issue a prefiling injunction against vexatious and repetitive litigants. *See Cromer v. Kraft Foods N. Am. Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). Before issuing a prefiling injunction, a district court must weigh the following factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* at 818.

## A. History of Litigation

Respondent has a history of filing vexatious and malicious complaints and documents in this Court. On October 25, 2004, this Court entered a permanent injunction against Respondent enjoining him from "continuing or instituting any actions or proceedings in any state court or in any United States court which constitute a collateral attack on any order or judgment of this Court." *Pramco II, LLC v. Kissi*, 8:03cv2241, ECF No. 53-1 at 2 (D. Md. Oct. 10, 2003). In the intervening eight-plus years, Respondent has repeatedly violated the Court's injunction, instituted malicious and vexatious litigation in this Court, and inundated both the Clerk's Office and chambers with frivolous documents.

For example, on January 30, 2009, this Court denied Respondent's action filed against Judge Messitte, noting his "allegation [was] malicious, vexatious, and devoid of any basis in fact . . . . represent[ing] yet another attempt by Kissi to continue his campaign of repetitive, vexatious, and frivolous litigation. *Kissi v. Messitte*, 8:08cv3360, ECF No. 2 at 1 (D. Md. Jan. 30, 2009). On July 16, 2012, this Court dismissed an action brought by Respondent due to "another patent attempt by Plaintiff David Kissi to evade the preliminary injunction." *Kissi v. Simmons*, 8:12cv1950, ECF No. 8 at 1 (D. Md. July 16, 2012). In its dismissal order, the Court noted, "Kissi has a prolific litigation history, filing cases in the federal courts of Pennsylvania, Maryland, District of Columbia, New York, Delaware, Ohio, Virginia, New Jersey, and California. *Id.* at 1 n.2. Already this year this Court has entered another order dismissing a complaint filed by Respondent, explaining that "[o]n its face, the Complaint is utterly devoid of any merit whatsoever and is, but the latest, in a long series of vexatious actions brought by Respondent in this Court as well as in other courts despite having been repeatedly sanctioned for prosecuting his many meritless claims." *Kissi v. Mead*, 8:11cv211, ECF No. 76 at 1 (D. Md. Jan.

11, 2013). As such, the Court finds Respondent has an extensive history of vexatious and malicious litigation in this Court.

**B. Good-Faith Basis**

In reviewing Respondent's history of litigation, this Court finds that he has lacked a good-faith basis for instituting his various actions. The above-discussed cases are illustrative of the meritless nature of his litigation in this Court, and this Court is not alone in expressing concerns with how Respondent conducts himself. For example, before transferring a case to this Court, the United States District Court for the District of Columbia explained, "plaintiff has filed hundreds of pages of documents and exhibits, none of which offer a meaningful opposition to the motion of the defendants who seek transfer to the District of Maryland." *Kissi v. Mead*, 1:08cv2031, mem. op. at 5 (D.D.C. June 10, 2009). Moreover, while this Court has been considering whether to enter a prefiling injunction against Respondent, the U.S. Judicial Panel on Multidistrict Litigation issued an order denying relief to Respondent while characterizing his argument as "wholly frivolous" and recognizing that "the frivolous and vexatious nature of the [Respondent's] conduct before other federal courts as well as before this Panel is well established." *In re: David Kissi, et al., Litigation (No. III)*, MDL No. 2425, ECF No. 29 (J.P.M.L. Feb. 28, 2013). Therefore, the Court finds Respondent has generally lacked a good-faith basis in litigating his cases in this Court.[1]

---

[1] In lieu of addressing the merits of why this Court proposed to issue a prefiling injunction against Respondent, Respondent submits over eighty pages of facially irrelevant material and asks the Court not to issue a permanent injunction because the injunction is "racist and abusive and it doesn't serve any public purpose." ECF No. 2. Once again, Respondent has demonstrated a lack of good-faith in his representations to this Court. To the extent Respondent argues not all of his cases were frivolous because he resolved three outside of court, ECF No. 2 ¶ II, Respondent ignores the other court findings of his vexatious and frivolous litigation efforts, as well as his violations of court injunctions to end his abusive filings in this Court.

## C. Administrative Burden

The Court also finds that Respondent has become a substantial burden on judicial resources. In addition to instituting vexatious, malicious, frivolous, or meritless litigation in over twenty cases, Respondent has filed and continues to file excessive and lengthy paper documents in his cases, regardless of whether the case is still active or whether the documents are necessary to resolve a matter pending before the Court.[2] With each new document filed, the Clerk must review, docket and file the material and the Court must spend considerable time reviewing his lengthy filings only to conclude either the material is subject to the existing injunction or vexatious or malicious in nature. The presence of Respondent in the Clerk's Office can be, and has been, disruptive to the other business of the Court, and Respondent has directed harassing or intimidating comments toward court personnel. As an example, in his February 4, 2013 response, Respondent contends, without support, a deputy clerk "has sought to tamper with [his] public records" and committed a felony against him.[3] ECF No. 2. Therefore, the Court finds Respondent's continuing conduct is an administrative burden.

## D. Adequacy of Alternative Sanctions

In the eight-plus years since this Court issued its limited injunction, Respondent has repeatedly failed to comply with the injunction. In response, Respondent has been both warned by this Court and at times faced the threat of contempt proceedings for his lack of compliance and from his malicious conduct in prosecuting additional litigation in this Court. *See, e.g.*, *Kissi v. Hirsh*, 8:05cv2781, ECF No. 18 (D. Md. Aug. 30, 2006); *Kissi v. Pramco II, LLC*, 8:08cv1580, ECF No. 34 (D. Md. Aug, 27, 2008); *Kissi v. Wilson*, 8:08cv1638, ECF No. 8 (Aug.

---

[2] His eighty-plus-page response to the January 30, 2013 show cause order adequately demonstrates the administrative impact Respondent's filings have on court resources.

[3] As in prior documents, his response characterized judicial officers, staff, and other officers of this Court as either committing fraud or for being racists who have colluded as fellow "tribesman" with each other against Respondent. *See, e.g.*, ECF No. 2 ¶ I, No. 2-1 at 1-2.

29, 2008); *Kissi v. Coldwell Banker*, 8:08cv1663, ECF No. 20 (D. Md. Sept. 8, 2008); *Kissi v. Clement*, 8:08cv2178, ECF No. 4 (D. Md. Sept. 5, 2008); *Kissi v. Pramco II, LLC*, 8:09cv1934, ECF No. 41 (D. Md. Aug. 11, 2009); *Kissi v. Messitte*, 8:08cv3360, ECF No. 2 (D. Md. Jan. 30, 2009); *Kissi v. Simmons*, 8:12cv1950, ECF No. 8 (D. Md. July 16, 2012); *Kissi v. Bank of America*, 8:12cv1322, ECF No. 24 (June 27, 2012); *Kissi v. Mead*, 8:11cv211, ECF No. 76 (D. Md. Jan. 11, 2013). Even in response to the recent show cause order, Respondent contends the "order if granted will not be enforceable" based on a lack of authority to review prior decisions of this Court, ECF No. 3, and because "it is drafted with the intent to deprive the Kissis 4th Amendment Rights," ECF No. 2.[4] Accordingly, the Court finds that the prior attempts to limit Respondent's improper conduct have been ineffective.

\* \* \*

As explained in the show cause order, this Court is mindful that Respondent is a *pro se* plaintiff and "absent exigent circumstances" courts should "not in any way limit a litigant's access to the courts," particularly when litigants are proceeding without counsel. *See Cromer*, 390 F.3d at 818 (citations omitted). Additionally, in crafting a prefiling injunction, the injunction must be "narrowly tailored to fit the specific circumstances at issue." *Id.* at 818 (citations omitted). In light of Respondent's conduct since this Court enjoined him in 2003, the Court finds that only a general prefiling injunction will ensure Respondent will end his harassing conduct in this Court. Moreover, Respondent's disruptive conduct has interfered with the business of this Court and requires further restriction on his ability to interact with court staff.

Having provided Respondent with adequate notice and an opportunity to respond pursuant to *Cromer*, 390 F.3d at 819, it is therefore,

---

[4] Respondent does not explain how his Fourth Amendment rights have been (or will be) implicated by this prefiling injunction.

ORDERED that, on behalf of the United States District Court for the District of Maryland, Respondent is ENJOINED from (1) instituting any new civil cases or (2) filing any new documents in any existing case in this Court in which he is the Plaintiff, without first obtaining approval from the Chief Judge of the United States District Court for the District of Maryland; and it is further

ORDERED that Respondent is ENJOINED from entering the courthouse unless granted specific permission by the Chief Judge of the United States District Court for the District of Maryland or the judge presiding in a specific case. Respondent is permitted to present documents to the Court Security Officer for delivery, but not to enter the courthouse or other building where this Court is in session; and it is further

ORDERED that the Clerk and deputy clerks of this Court are DIRECTED to refer any future filings by Respondent to the Chief Judge for review before entering them on the docket. Absent prior approval by the Chief Judge to enter a new filing on the docket, the Clerk and deputy clerks of this Court shall dispose of the new filing without additional action once the Chief Judge has reviewed Respondent's proposed filings; and it is further

ORDERED that Respondent is ADVISED that nothing in this injunction will be construed as limiting his ability to defend himself in any criminal or civil matter in this Court.

The Clerk is directed to send Respondent a certified copy of this Order at his last known address on file with the Clerk's Office. The Clerk shall also transmit a certified copy of this Order to the U.S. Marshals Service for the District of Maryland and the U.S. Probation Office for the District of Maryland.

March 13, 2013
Date

_Deborah K. Chasanow_
Deborah K. Chasanow, Chief Judge
United States District Court